IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Delrico Robertson, | : |
| Petitioner(s), | : |
| vs. | : Case Number: 1:10cv46 |
| | : Chief Judge Susan J. Dlott |
| Phillip Kerns, Warden | : |
| Respondent(s), | : |

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge J. Gregory Wehrman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on August 30, 2011 a Report and Recommendation (Doc. 16). Subsequently, the petitioner filed objections to such Report and Recommendation (Doc. 18).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendation should be adopted.

Accordingly, petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** with prejudice.

A certificate of appealability will not issue with respect to the prosecutorial misconduct claims alleged in Ground One of the petition, as well as the corollary ineffective assistance of counsel claim alleged in Ground Three of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds; under the applicable two-part

standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" will not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated a viable constitutional claim for relief in those grounds.

A certificate of appealability also will not issue with respect to the remaining ineffective assistance of counsel claim alleged in Ground Three of the petition, which was addressed on the merits herein, because petitioner has not stated "a viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

However, a certificate of appealability will issue with respect to petitioner's constitutional claims alleged in Ground Two of the petition, which also were addressed on the merits herein, but only to the extent that petitioner claims that hearsay evidence admitted in violation of the Confrontation Clause does not constitute harmless error as it relates to his convictions on charges stemming from the March 7, 2006 shooting incident involving Michael Willis. Petitioner has stated a "viable claim of the denial of a constitutional right" with respect to that one limited issue.

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation will be taken in "good faith," and therefore will **GRANT** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P.

24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.

                                                                                 ___s/Susan J. Dlott_____
                                                                                 Chief Judge Susan J. Dlott
                                                                                 United States District Court